1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SAAHDI COLEMAN,                              No.  2:21-cv-00290 KJM GGH P

12                    Petitioner,

13           v.                                    FINDINGS AND RECOMMENDATIONS

14    JEFF LYNCH, Warden,

15                    Respondent.

16

17

18    *Introduction and Summary*

19           Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

20    pursuant to 28 U.S.C. §2254. The matter was referred to the United States Magistrate Judge

21    pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

22           Petitioner asserts colorable grievances about a prison disciplinary he received as well as

23    aspects of the hearing for it. Respondent contends in a motion to dismiss, ECF No. 10, that Ninth

24    Circuit law precludes a habeas action for this indeterminately sentenced petitioner.  After

25    reviewing the parties' briefing and applicable law, the undersigned will recommend respondent's

26    motion to dismiss be granted.

27    ////

28    ////

*Background*

Petitioner is serving an indeterminate life term, sometimes referenced as 84-years to life in prison, but also characterized as 75-years to life indeterminate terms with a consecutive 9-year determinate term. <u>See</u> ECF No. 11 at 3-4. As will be discussed below, the precise sentencing petitioner received is inconsequential as all agree that he is serving an indeterminate life in prison sentence.

Petitioner alleges that soon after he had completed a self-help group related to de-escalating violence, a fracas broke out in the prison yard where petitioner was located. The fracas involved the possible use of prison manufactured weapons. In order to help quell the disturbance, petitioner alleges that he used recently learned de-escalation techniques, i.e., he attempted to distract the combatants. Along the lines of the axiom—no good deed goes unpunished—petitioner alleges he was given a "participation in a riot" disciplinary.

Petitioner further asserts that at this disciplinary hearing, the authorities decided to convict petitioner of a lesser "behavior which could lead to violence" charge in lieu of the riot charge. Petitioner suffered a credit loss of 15 days.

*Discussion*

The precise legal issues raised by petitioner are inconsequential to the outcome here as petitioner's indeterminate sentence status precludes cognizance of his habeas petition. For many years, whether prison disciplinaries which did not directly affect the length of sentence could be heard in federal habeas received mixed results. However, in <u>Nettles v. Grounds</u>, 830 F.3d 922 (9th Cir. 2016) (en banc), the Ninth Circuit Court of Appeals held that for indeterminately sentenced prisoners, restoration of credits or expungement of a disciplinary conviction were not sufficiently related to the duration of confinement in that in any event, prisoners had to be found suitable or parole before any parole date could be set. The restoration of credits or expungement were not directly related to the chances of being found suitable as many other factors were involved in the suitability decision. Indeed, prisoners sentenced indeterminately to life in prison might never be granted parole regardless of the existence or non-existence of prison disciplinary convictions, and no matter whatever time credits they happened to acquire. As such,

1  expungement of the prison disciplinary would only have a speculative effect on the duration of

2  the sentence. Moreover, the possibility that a future parole suitability hearing might be

3  accelerated in the absence of the disciplinary violation is speculative. Nettles, 830 F.3d at 934-

4  935.

5      Petitioner asserts, without authority, that because he is serving a consecutive determinate

6  sentence, he should be able to proceed here and get time credits applied to that sentence.

7  However, whether or not such could be the case, petitioner's release remains speculative in that

8  he must be found suitable on his indeterminate sentence before any release could be

9  contemplated. And again, whether or not a shorter determinate sentence might accelerate a future

10 suitability hearting, the outcome of the suitability hearing may or may not shorten petitioner's

11 actual incarceration. Indeed, Nettles himself was serving both a determinate and indeterminate

12 sentence. See Nettles, 830 F.3d at 925.

13     Finally, it makes no sense to allow petitioner here to file a civil rights action under 42

14 U.S.C. § 1983 in place of a petition for habeas corpus. See Nettles, 830 F.3d at 936.  Petitioner

15 here challenges no general policy of California Department of Corrections and Rehabilitation on

16 constitutional grounds; he simply alleges violations of due process idiosyncratic to *his* hearing.

17     Accordingly, the undersigned will recommend petitioner's habeas petition be dismissed

18 for failing to "fall within the core of habeas corpus[.]" Nettles, 830 F.3d at 935. Moreover, for the

19 reasons stated above, the habeas petition should not be converted into a civil rights claim under §

20 1983.

21 *Certificate of Appealability*

22     Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

23 issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

24 certificate of appealability may issue only "if the applicant has made a substantial showing of the

25 denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these

26 findings and recommendations, a substantial showing of the denial of a constitutional right has

27 not been made in this case.

28 ////

3

*Conclusion*

Therefore, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10), be GRANTED;

2. The habeas petition (ECF No. 1) be dismissed; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2021

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE